IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **Luis Castillo,** <br><br> *Plaintiff,* <br><br> v. <br><br> **Super DBP Management, LLC d/b/a Dickey's Barbecue Pit** <br><br> *Defendant.* | No. _____ <br><br> **COMPLAINT** |

Luis Castillo ("Plaintiff") brings this suit against Super DBP Management, LLC d/b/a Dickey's Barbecue Pit ("Defendant") for violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, as amended ("FLSA").

### I.   NATURE OF SUIT

1. Congress passed the Fair Labor Standards Act in 1938 in an effort to eliminate low wages, long hours, and provide American workers with a wage that would support a minimum standard of living. The FLSA seeks to achieve these goals by providing a minimum wage, prohibiting an employee from working more than forty (40) hours in a single workweek without the payment of a premium or "overtime" rate, as well as other protections for employees.

2. The FLSA does not prohibit overtime—but rather, by imposing a premium rate for overtime, the FLSA discourages working employees for longer than forty (40) hours in a single workweek. *See Overnight Motor Transp. Co. v. Missel*, 316 U.S. 572, 577-78 (1942).

3. Section 207(a) of the FLSA requires covered employers to compensate its nonexempt employees in an amount not less than one-and-a-half times his or her regular rate of

pay for each hour worked in excess of forty (40) in a given week. 29 U.S.C. § 207(a)(1).

4. Here, Plaintiff did not qualify as exempt under the FLSA.

5. During the entire duration of his employment with Defendant, Plaintiff routinely worked in excess of forty (40) hours in a single workweek.

6. However, Defendant did not pay Plaintiff a premium or overtime rate—one-and-one-half times his regular rate—for all hours worked in excess of forty (40) per workweek and did not include all other renumerations or bonuses into Plaintiff's overtime rate.

7. Accordingly, Plaintiff brings this action to recover all unpaid overtime, liquidated damages, attorneys' fees, and costs as provided for under Section 216(b) of the FLSA.

## II.   PARTIES

8. Plaintiff, Luis Castillo, is an individual and resident of Texas. Plaintiff was employed by Defendant within the three-year period preceding the filing of this lawsuit. At all relevant times mentioned, Plaintiff was an "employee" of Defendant as defined by the FLSA. Plaintiff has consented to be a party-plaintiff to this action as indicated by the notice of consent that is being filed with the Court.

9. Defendant, Super DBP Management, LLC, is a limited liability company formed under the laws of Texas and authorized to do business in the State of Texas. Defendant operates a restaurant chain commonly known as Dickey's Barbecue Pit with multiple locations in Texas. Defendant can be served with process by serving its registered agent, Fernando Soto, at 3575 N Beltline Road, Irving, Texas 75062.

## III.   JURISDICTION AND VENUE

10. This Court has subject-matter jurisdiction over this matter, which arises primarily under federal law. Specifically, this Complaint asserts claims arising under the Fair Labor

Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq*. Therefore, this Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1331.

11. This Court has personal jurisdiction over Defendant because Defendant is doing business in Texas. Moreover, Defendant is employing Texas residents, including Plaintiff, to work at Defendant's restaurants located in Texas.

12. Venue is proper in the Northern District of Texas under 28 U.S.C. § 1391 because Defendant is deemed to reside in the Northern District of Texas, Dallas Division. Moreover, Venue is proper in Northern District of Texas because a substantial part of the events or omissions giving rise to the claims asserted occurred in Dallas County, Texas, which is within this district and division.

### IV. COVERAGE UNDER THE FLSA

13. At all relevant times, Defendant has acted, directly or indirectly, in the interest of an employer with respect to Plaintiff.

14. At all relevant times, Super DBP Management LLC has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had (a) employees engaged in commerce or in the production of goods for commerce, or (b) employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

15. At all relevant times, Plaintiff was an "employee" (as defined in Section 3(e)(1) of the FLSA, 29 U.S.C. § 203(e)(1)) who was engaged in commerce or in the production of goods for

commerce as required by 29 U.S.C. §§ 206-207. *See Reich v. Circle C. Investments, Inc.*, 998 F.2d 324, 326 - 329 (5th Cir. 1993).

16. As part of his employment, Plaintiff handled food and other food service items that were purchased across state lines or traveled in interstate commerce, or both. In addition, Plaintiff regularly served customers dining at Defendant's restaurant who were traveling from out-of-state or across interstate lines. Finally, Plaintiff regularly and frequently processed multiple interstate credit card transactions during every shift he worked.

## V.  FACTS

17. From approximately September of 2020 until March 19, 2021, Defendant employed Plaintiff Luis Castillo to work as an assistant manager at Defendant's restaurant location in Irving, Texas, and paid Plaintiff an hourly wage.

18. During the entire duration of Plaintiff's employment with Defendants, he performed job duties such as, taking customer orders, placing orders for kitchen utensils and food service items, providing customer services, including responding to customer complaints, and completing opening and closing duties, such as balancing the cash drawer.

19. Defendant exerted control over significant aspects of Plaintiff's employment, including determining his rate of pay, implementing payment policies, and setting Plaintiff's work schedule.

20. During the entire time period he was employed by Defendant, Plaintiff's regular hourly rate of pay was $12.00 per hour.

21. Plaintiff regularly worked more than 40 hours in each workweek.

22. However, Defendant did not pay Plaintiff overtime wages at time and one-half the "regular rate" ($12 per hour plus all other remuneration paid) for hours after 40 in each workweek.

In any workweek where Plaintiff worked more than 40 hours, Defendant would unilaterally reduce Plaintiff's pay to minimum wage for that paycheck.

23. Specifically, in workweeks where Plaintiff worked more than 40 hours, Defendant would then, after the fact, reduce Plaintiff's rate of pay from $12 per hour to $7.25 per hour for that paycheck. Defendant then paid Plaintiff a significantly reduced overtime rate of $10.87 per hour for hours worked over 40.

24. In addition, Defendant regularly paid Plaintiff bonus compensation. However, the bonus compensation paid to Plaintiff was not included in calculating Plaintiff's regular rate of pay for purposes of calculating overtime. In other words, by failing to include all remuneration into the computation of Plaintiff's regular rate of pay, Defendant failed to pay Plaintiff one-and-one-half times his regular rate for hours Plaintiff worked over forty (40) in a single workweek.

25. Defendant's method of paying Plaintiff in violation of the FLSA was not based on good-faith and a reasonable belief that its conduct complied with the FLSA. Therefore, an award of liquidated damages is mandatory.

26. Defendant is an employer subject to the provisions of the FLSA and therefore violated the provisions of sections 11(c) and 15(a)(5) of the FLSA in that it failed to make, keep, and preserve adequate and accurate records of employees and the wages, hours and other conditions and practices of employment maintained by it as prescribed by regulations duly issued pursuant to authority granted in the FLSA and found in 29 C.F.R. Part 516. Specifically, Defendant failed to maintain a weekly record of hours worked, failed to record overtime hours, i.e., hours worked more than forty hours in a workweek, and failed to record the correct overtime rate of pay for such hours.

### VI.    CAUSE OF ACTION: FAILURE TO PAY OVERTIME IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

27. The foregoing paragraphs are fully incorporated herein.

28. At all material times, Plaintiff was Defendant's employee as defined by the FLSA.

29. At all times during his employment, Plaintiff was a non-exempt employee for purposes of overtime under the FLSA.

30. From September of 2020 until March 19, 2021, Plaintiff was paid $12.00 per hour when he worked 40 hours or less. However, if Plaintiff worked more than 40 hours in workweek, Defendant reduced Plaintiff's hourly pay and only paid him $7.25 per hour for all hours up to 40 and then $10.87 per hour for hours over 40. Defendant's failure to pay Plaintiff time-and-one-half his regular rate of pay for all hours worked over 40 is a violation of Section 7 of the FLSA.

31. Therefore, violated Section 7 of the FLSA, 29 U.S.C. § 207, 215(a)(2), by employing Plaintiff in an enterprise engaged in commerce or in the production of commerce within the meaning of the FLSA, as aforesaid, and failing to pay Plaintiff at a rate of not less than one-and-one-half times his regular rate for every hour worked over forty (40) in each workweek.

32. Plaintiff's regular rate must include all compensation, bonuses, and other remuneration paid by Defendant for purposes of calculating the overtime rate. *See* 29 C.F.R. 778.208.

33. During his entire employment with Defendant, Plaintiff was regularly paid bonus compensation. However, Defendant failed to include all compensation, bonuses, and other remuneration in Plaintiff's overtime rate.

34. None of the exemptions or defenses provided by the FLSA regulating the duty of employers to pay employees for all hours worked at the required overtime rate are applicable to

Defendant or Plaintiff.

## VII. DAMAGES SOUGHT

35. Plaintiff is entitled to recover overtime wages for the hours Plaintiff worked over 40 in each workweek and did not receive overtime compensation at time and one-half his "regular rate" as required by 29 U.S.C. § 207.

36. Plaintiff is entitled to liquidated damages in an amount that is equal to all overtime pay owed. *See* 29 U.S.C. § 216(b).

37. Additionally, Plaintiff is entitled to recover attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

## VIII. PRAYER

38. Plaintiff prays for judgment against Defendant as follows:

   a. For an order pursuant to Section 216 of the FLSA finding Defendant liable for unpaid overtime wages due to Plaintiff, and for liquidated damages equal in amount to the unpaid overtime wages due to Plaintiff;

   b. For an order awarding Plaintiff all attorneys' fees incurred;

   c. For an order awarding Plaintiff all costs and expenses incurred in pursuing this action;

   d. For an order awarding Plaintiff an amount of pre-judgment interest, as may be appropriate, and post-judgment interest computed at the underpayment rate established by the Secretary of Treasury pursuant to 26 U.S.C. § 6621; and

   e. For an order granting any such other and further relief as this Court deems just and appropriate.

Respectfully submitted,

By: */s/ Allison H. Peregory*
Drew N. Herrmann
Texas Bar No. 24086523
drew@herrmannlaw.com

Pamela G. Herrmann
Texas Bar No. 24104030
*pamela@herrmannlaw.com*
Allison H. Peregory
Texas Bar No. 24121294
*aperegory@herrmannlaw.com*

**HERRMANN LAW, PLLC**
801 Cherry St., Suite 2365
Fort Worth, TX 76102
Phone: 817-479-9229
Fax: 817-840-5102

ATTORNEYS FOR PLAINTIFF